TIMOTHY M. BURGESS
United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Crandon.Randell@usa.usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CATHLEEN N. McLAUGHLIN, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | No. 3:05-cr-019 -RRB <br><br> **SUPPLEMENTAL MEMORANDUM ON RESTITUTION** |

COMES NOW the United States of America, by and through counsel, and submits this Supplemental Memorandum on Restitution. This Memorandum supplements and revises the Memorandum, entitled <u>Restitution Memorandum</u>, filed December 9, 2005.

Defendant was charged with, and pleaded guilty to, committing Wire Fraud, a violation of 18 U.S.C. § 1343. Defendant admitted to devising a scheme to "defraud clients of her legal practice." Docket #1. By virtue of her plea, defendant specifically admitted that she deposited a check for $95,000 into her "personal/business account at Northrim Bank, account no. 11005xxxx, entitled Cathleen Nelson McLaughlin, P.C. (Professional Corporation)." Then, of course, defendant, for a period of many months, lied about having received the money.

The Presentence Report expends 17 pages discussing various cases in which defendant committed either fraud or malpractice. *See* PSR, ¶¶ 10 - 117. One incident, however, was very similar in nature to the count of conviction**:**

## The Catherwood Estate

Defendant represented the estate of Richard Catherwood, who passed away in August of 2000. PSR, ¶ 52. The family decided to sell a four acre piece of property in Anchorage and divide the proceeds among the family/beneficiaries. PSR, ¶ 53. The property was sold for $366,000, and the proceeds, minus fees, were to be distributed. PSR, ¶ 54. In fact, the money was distributed to defendant, and <u>not</u> to the Catherwoods.  Later it developed that money from the Catherwood Estate may have been distributed to the Lash Corporation, another hapless client, and Dicran Kassouni, still another out-in-the-cold client. *See* PSR, ¶¶ 71, 88.

Thus, it can be seen that defendant handled the $366,000 from the Catherwood Estate in the same manner as she handled the $95,000 resulting from the count of conviction. I.e., defendant held on to the money – for herself.

Adding the two amounts results in a total of $461,000, which properly is the subject of restitution. *See* Discussion in Restitution Memorandum, filed December 9, 2005.

## The Ability to Pay

The Ninth Circuit, in the case of United States v. Lawrence, 189 F.3d 838, 848 (9th Cir. 1999), held that the sentencing court is "required to consider the ability of the defendant to pay." The Court cited 18 U.S.C. § 3664(a), which outlines the "Procedure for issuance and enforcement of order of restitution." The statute mandates that the probation officer provide to the court "information relating to the economic circumstances of each defendant." *Id*.

When determining a defendant's ability to pay, it is necessary to concede, at the outset, that no criminal defendant harbors a desire to pay back his/her ill-gotten gains. The desire to pay it back is entirely inconsistent with the desire to steal it. Criminal defendants, like McLaughlin, are chagrined when charged with their crime, disappointed at having to serve some time in jail for their crime, and certainly no less distressed at the prospect of having to pay it back (the stolen

money). This is why no criminal defendant arrives in court with money. They are all broke, not a dime to be found.

With this understanding, we need to objectively examine defendant's ability to pay. The Probation Report reveals that defendant's house in Palmer, Alaska, was sold in June of 2003, for $445,000.[1] The month prior to the sale of the house, in May of 2003, defendant sold a cabin, located "north of Wasilla", for $76,500.[2] The total from these sales was $521,500 – hardly chump change. Defendant, needless to say, "did not provide any information regarding the sale or proceeds of this home or of the cabin." PSR, ¶168. It also appears that the mortgage on defendant's current residence, in Oregon, has, since 1994, "been satisfied." PSR, ¶ 169.

## Summary

For these reasons the court should order defendant to pay $461,000 in restitution.

RESPECTFULLY SUBMITTED this 4th day of January, 2006, at Anchorage, Alaska.

TIMOTHY M. BURGESS

---

[1] The residence was advertised with "too many extras to mention." PSR, ¶ 168.

[2] The cabin was advertised as a "really mellow spot." PSR, ¶ 167.

United States Attorney

s/Crandon Randell
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Crandon.Randell@usa.usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2005,
a copy of the foregoing Supplemental
 Memorandum on Restitution was served
electronically on Kevin Fitzgerald

s/ Crandon Randell