IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>CATHLEEN N. McLAUGHLIN,<br><br>        Defendant. | Case No. 3:05-CR-0019 RRB<br><br><br><br>**RESTITUTION ORDER** |

I.  **Introduction**

Following the imposition of sentence in this matter the Court was left with the responsibility of drafting a statutorily correct Restitution Order.  While this is not usually a difficult task, it has been made exceptionally difficult due to the fact that the United States of America ("Plaintiff") has filed four different claims for restitution; and, Defendant Kathleen McLaughlin ("Defendant") has filed two.  Notwithstanding, having now studied the applicable pleadings, and having had the opportunity to review the relevant court transcripts, the Court concludes Defendant tentatively owes restitution in the amount of **$10,000.00**.

Because the Court is desirous to avoid similar restitution arguments, and/or dilemmas, in the future, what follows is a brief recitation of the applicable restitution law(s), and/or guideline(s), as applied to the matter at hand.

II. **Discussion**

To begin, restitution is "contingent on the identification of specific victims[,] and limits awards to actual physical or pecuniary losses of those victims."[1]  "'[R]estitution may [also] be ordered for losses to persons harmed in the course of the defendant's scheme <u>even beyond the counts of conviction</u>.'"[2] And, as a result of the Mandatory Victim Restitution Act,[3] "Congress eliminated the district court's discretion and required restitution regardless of the defendant's financial resources or

---

[1] Clerk's Docket No. 39 at 2 (<u>citing</u> 18 U.S.C. § 3663A(c)(1)(B)). <u>See also</u> <u>U.S. v. Doe</u>, 374 F.3d 851, 854 (9th Cir. 2004)(<u>citing</u> <u>U.S. v. Pomazi</u>, 851 F.2d 244, 250 (9th Cir. 1988), overruled on other grounds by <u>Hughey v. U.S.</u>, 495 U.S. 411 (1990)("restitution ordered must be 'limited by the amount actually lost by the victims,' and that the court 'must be able positively to identify each victim to whom the restitution is due . . . .'")).

[2] <u>Id.</u> (<u>quoting</u> <u>U.S. v. Rutgard</u>, 116 F.3d 1270, 1294 (9th Cir. 1997))(emphasis added).

[3] "The Mandatory Victim Restitution Act was entered on April 24, 1996 as a supplement to the [Victim and Witness Protection Act] and applies to both mail fraud and forgery." <u>U.S. v. Grace</u>, 319 F.3d 1174, 1177 (9th Cir. 2003)(citation omitted).

ability to pay."[4][5]  Thus established, the Court applies the same to the facts of this case.

Plaintiff "asserts that Defendant owes $95,000.00 because she deposited a check for $95,000.00 into a professional account, and . . . another $366,000.00[,] that the Government . . . claims . . . Defendant kept for herself from a separate real estate transaction."[6]  However, Plaintiff has failed to identify a specific victim in either case.

"According to the [Presentence Investigation Report], [Defendant's] clients were paid by [her] firm's malpractice carrier [-] St. Paul."[7]  Defendant's clients, therefore, did not suffer a loss.  And, St. Paul, an apparent victim, "had the option of requesting Defendant repay [it], if it believed . . . Defendant's conduct was not covered by the insurance policy[,] as professional negligence[,] rather than intentional criminal conduct."[8]  Evidence thus proffered reveals it has not done so.  St. Paul, however, has a $5000.00 insurance deductible.

---

[4]    Id. (citing 18 U.S.C. § 3663A(a)(1))(footnote omitted).

[5]    Id. (citing 18 U.S.C. § 3663A(c)(1)(A)(ii); U.S. v. Lincoln, 277 F.3d 1112, 1113 (9th Cir. 2002)).

[6]    Clerk's Docket No. 39 at 3.

[7]    Id.

[8]    Id.

Consequently, and without further analysis at this point, the Court concludes Defendant owes her former partners, Meredith Ahearn and Anna Webb, no less than **$5,000.00**, in this matter, if in fact they paid St. Paul the requisite insurance deductible. If not, this deductible must be paid directly to the insurance carrier.

The Court must next determine whether the Catherwood matter constitutes a "common scheme or plan," as contemplated by the Mandatory Victim Restitution Act. If it does not, the Court may not consider restitution with respect to the same.

To be sure, there is a distinct difference between the Catherwood matter and the instant case.

> In this case, the scheme alleged (and for which Defendant was convicted) was for depositing a $95,000 check into a business account and then lying to the client about its receipt. The Catherwood matter, as alleged by the Government, involved supposed personal conversion of real estate sale proceeds.[9]

Whether these two acts are sufficiently related to require payment of restitution is a close question. However, the Catherwood matter settled for $185,861.00, which was paid by St. Paul, less the $5,000.00 insurance deductible. Therefore, even if the Court could order restitution in the Catherwood matter, it could not exceed **$5,000.00**, which the Court finds appropriate under the facts.

---

[9] Id. at 8.

### III. Conclusion

Therefore, the Court hereby tentatively sets restitution at **$10.000.00**, to cover the two (2) applicable deductibles raised in Plaintiff's Supplemental Memorandum on Restitution (Docket No. 37), to be paid directly to the party, if any, who made these payments.

ENTERED this 13th day of February, 2006.

//s//
_____
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE