**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**NOV 03 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-30016 |
| Plaintiff - Appellee, | D.C. No. CR-05-00019-a-RRB |
| v. | MEMORANDUM* |
| CATHLEEN N. MCLAUGHLIN, | |
| Defendant - Appellant. | |

RECEIVED
NOV 3 0 2006
CLERK, U.S. ~~DISTRICT COURT~~
ANCHORAGE, ALASKA

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted October 18, 2006**
Seattle, Washington

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

Cathleen N. McLaughlin appeals the sentence imposed following her guilty

plea to wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction to

review the sentence under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  Although

---

\*        This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

\*\*        This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

the Sentencing Guidelines are now advisory under *United States v. Booker*, a

sentencing court must consult them in determining an appropriate sentence. 543

U.S. 220, 259 (2005); *United States v. Cantrell*, 433 F.3d 1269, 1278-79 (9th Cir.

2006). The district court must calculate the Guidelines range accurately, and must

comply with Fed. R. Crim. P. 32. *See United States v. Mix*, 457 F.3d 906, 911 (9th

Cir. 2006). We review the district court's interpretation of the Sentencing

Guidelines de novo, application of the Guidelines to the facts of the case for abuse

of discretion, and factual findings for clear error. *See Mix*, 457 F.3d at 911; *United

States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir. 2006).

As a preliminary matter, we hold that the district court complied with the

requirements of Fed. R. Crim. P. 32 when it acknowledged McLaughlin's

objections to the presentence report ("PSR"), gave the parties an opportunity to

raise additional arguments, considered their arguments, and ultimately adopted the

factual statements and recommendations contained in the PSR. *See United States

v. Tam*, 240 F.3d 797, 803-04 (9th Cir. 2001); *United States v. Riley*, 335 F.3d

919, 931 (9th Cir. 2003). McLaughlin's objections were insufficient to create a

dispute regarding the factual representations detailed in the PSR or to call into

question their reliability. *See United States v. Romero-Rendon*, 220 F.3d 1159,

1162 (9th Cir. 2000); *United States v. Charlesworth*, 217 F.3d 1155, 1160-61 (9th

-2-

Cir. 2000). In fact, McLaughlin has waived any challenge to the accuracy of the PSR by conceding at the sentencing hearing that its contents were substantially accurate. *See Ellsworth*, 456 F.3d at 1152.

Sentencing enhancements that have a "disproportionate impact" on the length of a sentence must be proven by clear and convincing evidence. *See United States v. Jordan*, 256 F.3d 922, 927-28 (9th Cir. 2001); *see also United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) (reaffirming *Jordan*). McLaughlin argues that the district court failed to apply the proper standard of proof when it made factual determinations regarding related offense conduct for the purposes of calculating her sentence enhancements. Because McLaughlin did not raise this objection before the district court, her challenge is reviewed for plain error.[1] *See Jordan*, 256 F.3d at 926.

Applying a preponderance of the evidence standard, the district court imposed four enhancements: A seven-level enhancement for Actual Loss under

---

[1]On plain error review we determine whether there was "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we may] exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Jordan*, 256 F.3d at 926 (citation omitted); *see also United States v. Peyton,* 353 F.3d 1080, 1088 (9th Cir. 2003) (quoting *Jordan*).

U.S.S.G. § 2F1.1(b)(1)(H)[2] (a one-point increase from the six-level enhancement based solely on her charged conduct); a two-level enhancement for a scheme involving (A) more than minimal planning, or (B) a scheme to defraud more than one victim under U.S.S.G. § 2F1.1(b)(2); a two-level enhancement for an offense involving sophisticated means under U.S.S.G. § 2F1.1(b)(6)(c); and a two-level victim-related adjustment for abuse of a position of trust under U.S.S.G. § 3B1.3 .[3] Applying the test articulated in *United States v. Jordan*, we hold that these sentence enhancements had a disproportionate impact on McLaughlin's sentence. *See* 256 F.3d at 928. The total number of offense level increases was greater than four,[4] and the final sentence range was more than double the length of the sentence authorized by the initial sentencing guideline range. *See id.*; *see also United States v. Lynch*, 437 F.3d 902, 916 (9th Cir. 2006). Therefore, the district court committed error because it failed to apply the clear and convincing evidence

---

[2]The district court used the 2000 edition of the Sentencing Guidelines.

[3]McLaughlin has conceded that her charged conduct was sufficient to trigger the victim-related adjustment; therefore we need not consider this enhancement.

[4]It is unclear whether the enhancements for a scheme involving more than minimal planning or to defraud more than one victim and for a scheme involving sophisticated means would have been assessed solely on the basis of the charged offense conduct. Therefore, for the purposes of the disproportionate impact test, we assume that they would not have been, leading to a total increase of five-levels based on uncharged, but relevant conduct.

-4-

standard.  We also conclude that this error was "plain," because "the application

of an incorrect standard of proof to enhancements with disproportionate impact

[is] error that is plain." *Jordan*, 256 F.3d at 930.

Next, we must determine whether the error affected McLaughlin's

substantial rights.  "The error must have been prejudicial: It must have affected the

outcome of the district court proceedings."  *Id.* (citation omitted).  The PSR

provided clear and convincing evidence supporting the enhancement for actual

loss and the enhancement for a scheme involving more than minimal planning or a

scheme to defraud more than one victim.  *See United States v. Romero-Rendon*,

220 F.3d at 1163 & n.4 (holding that an uncontroverted PSR alone can provide

clear and convincing evidence to support a sentence enhancement).  Therefore, no

prejudice was suffered by these two enhancements.

We conclude, however, that the facts contained in the PSR are inconclusive

whether McLaughlin's offense conduct involved sophisticated means sufficient to

trigger the two-level enhancement.  Although the PSR stated that McLaughlin

deposited client funds into a separate, private account in her name and that she lied

to her law-firm partners about the status of her cases, these facts alone do not

indicate that her concealment was carried out in a particularly sophisticated

manner.  On the limited evidentiary record, we cannot conclude that this

-5-

enhancement was supported by clear and convincing evidence. We therefore hold

that the error affected McLaughlin's substantial rights, and seriously affected the

fairness, integrity, or public reputation of McLaughlin's sentencing. Accordingly,

we vacate McLaughlin's sentence and remand for resentencing consistent with this

disposition.


VACATED and REMANDED.

-6-

A TRUE COPY
ATTEST
CATHY A. CATTERSON
Clerk of Court
by:
Deputy Clerk