NELSON P. COHEN
United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99507
Phone: (907) 271-5071
Fax: (907) 271-1500
crandon.randell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-05-00019-a-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Re-Sentencing** |
| v. | ) | **Memorandum** |
| | ) | |
| CATHLEEN N. McLAUGHLIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and submits this Re-Sentencing Memorandum.

This case was remanded for the purpose of determining, by the standard of clear and convincing evidence, whether the 2-level enhancement for the offense involving "sophisticated means", applies under U.S.S.G. §2F1.1(b)(6)(C).[1]

---

[1] U.S.S.G. amended November 1, 2000; PSR ¶ 121.

It is important to note that the facts contained in the Presentence Report (PSR) were not disputed by defendant, and except for a "few small factual errors" there were no errors "of substance." Imposition of Sentence hearing (IOS), pg. 3; Excerpt of Record on Appeal (ER), pg. 60. These uncontested facts were adopted by the court for purposes of sentencing. Since there is no dispute that these activities conducted by defendant <u>occurred</u> there are no relevant facts to be proved by clear and convincing evidence. The issue is thus a legal issue, whether the conduct we know occurred amounted to use of "sophisticated means."

Sophisticated Means

Defendant, a lawyer, indulged in illegal conduct and professional malpractice – undetected by her law partners – for a period of *years*, from the time she joined in firm in 1997 until she departed in 2002. For her to be able to go <u>undetected</u> in this conduct outlined in the PSR, for years, and in full view of her partners, required, necessarily, a high level of sophistication.

<u>The Mickelson case</u>

In this case, defendant, after lying to her client about a settlement agreement for $100,000, ginned up a phony "Notice of Non-Compliance," purporting to advise the court that the defendants had failed to comply with a non-existent Order Enforcing Settlement that she told her unsuspecting client she had obtained on his behalf. When questioned by her duped client about his inability to locate any "settlement-related pleadings" in the

court file, defendant informed him that "the court maintained two files and he must have looked in the wrong file." PSR, ¶ 17. This is sophisticated conduct. PSR, ¶¶ 13-17.

### The Kassouni case

In this case, defendant used her position and sophistication to inform a bilked client that a $100,000 non-existent settlement would be put into an annuity, "payable at $10,000 per year plus interest over a ten year period." PSR, ¶ 87. [How many criminals would think of an annuity angle to explain why there was no money?]

### The Sea-Land case

In this case, defendant displayed her prowess and sophistication by depositing a $95,000 check into her personal and individual bank account, rather than the firm's trust account. PSR, ¶ 47. Defendant's knowledge of her firm's practices and procedures were valuable to both her ability to cheat her clients and to avoid detection for so many years.

### The Catherwood Estate

In this case, defendant stiffed her client for "$366,000 minus fees." At one point, after the executor of the estate made repeated demands for the money, defendant, cashing in on her status and level of sophistication, said, "I'm your attorney, if you can't trust your attorney, you can't trust anyone." PSR, ¶ 54. [Your plumber might make such a statement, but then your plumber, when it comes to plumbing issues at his wage scale, also is worthy of the term "sophisticated means."]

The Lash Corporation case

In this case, defendant went to the trouble to creatively draft *fraudulent pleadings*, using a false case number, that indicated, falsely, that she was moving "for a default judgment." PSR, ¶ 62. This is the utilization of "sophisticated means" to keep the wolf from the door.

*Application Note* 18 to this guideline section defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." The examples here clearly show defendant's imagination and sophistication in creating ways to avoid, and certainly postpone, getting caught. And we cannot ask for more than that.

Counsel for defendant, at the imposition of sentence hearing, argued that defendant's conduct was "the antithesis of sophisticated planning." (Which means just the opposite of "sophisticated.")  Counsel advanced the theory that defendant's activities constituted "a reverse pyramid type scheme . . . it was bound to fail. . . . it was certain to fail." IOS, pg. 20; ER 66. But counsel failed to mention that the scheme did not fail for a number of years. . . . The length and duration of her activities, in full view of her law partners, give the full measure of her degree of sophistication. The guideline

//

enhancements, including §2F1.1(b)(6)(C), <u>do not apply to those schemes that go undetected, nor do they apply to those criminals who go un-caught.</u>

RESPECTFULLY SUBMITTED this 5th day of January, 2007, at Anchorage, Alaska.

        NELSON P. COHEN
        Acting United States Attorney

        <u>s/ Crandon Randell</u>
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        AK#8706044
        Crandon.Randell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2007
a copy of the foregoing was served
electronically on: Kevin Fitzgerald

<u>s/ Crandon Randell</u>