Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. A05-0019 CR (RRB) |
| Plaintiff, ) | |
| ) | **RE-SENTENCING MEMORANDUM** |
| v. ) | |
| ) | |
| CATHLEEN N. McLAUGHLIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

I.  INTRODUCTION

COMES NOW Cathleen McLaughlin, by and through counsel, and submits this re-sentencing memorandum to assist the court at the January 12, 2007 re-sentencing hearing. The case was remanded for the purpose of determining whether by clear and convincing evidence the two level enhancement of "sophisticated means" applies under U.S.S.G. § 2F1.1(b)(6)(c). Ms. McLaughlin submits that the two level enhancement does not

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum
Page 1 of 8

apply and that her sentence should be recalculated to reflect, at least, a concomitant reduction in her guideline range.

## II. BACKGROUND

Ms. McLaughlin pled guilty to a single count of wire fraud, in violation of 18 U.S.C. § 1343. The count of conviction involves a single verbal misrepresentation to a representative of Sea-Land Services, Inc., on or about March 19, 2001, concerning a settlement payout. The remaining count of the indictment, alleging a nearly identical verbal misrepresentation on August 5, 2001, was dismissed.

The PSR contained numerous other alleged incidents. Ms. McLaughlin objected to this uncharged conduct in her sentencing memorandum as well as at sentencing:

> MR. FITZGERALD: Just so the court is clear, Judge, as I indicated in my sentencing memorandum, I am objecting to the consideration of the relevant conduct for the reasons stated in the sentencing memorandum. And obviously that has a significant impact on whether the Court finds the specific offense characteristics that were recommended in the presentence report.
>
> [Sentencing transcript pp 18-19].

The court understood that Ms. McLaughlin objected to the uncharged conduct:

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum

> Well, you were the one who requested a
> hearing in your sentencing memorandum. . .
> . Your record's very clear.

[Sentencing transcript pp 14, 19].

Further, McLaughlin objected specifically to the specific offense characteristic at issue here. She argued that the nature of the conduct underlying the offense constituted the "antithesis of sophisticated planning." [Sentencing transcript, p 20].

Still, the court found, by a preponderance, that U.S.S.G. § 2F1.1(b)(6)(c) applied. Ms. McLaughlin's advisory sentencing guideline range was 21 to 27 months based on a total offense level of 15 and a criminal history category I. She was sentenced to 22 months incarceration.

Ms. McLaughlin appealed her sentence before the court of appeals. The Ninth Circuit Court remanded the matter for resentencing to determine whether the two level enhancement for sophisticated means is supported by clear and convincing evidence.[1] The appellate court specifically noted that "the facts contained in the PSR are inconclusive whether McLaughlin's offense conduct involved sophisticated means sufficient to trigger the two level enhancement. Although the

---

[1] There is an argument, as noted in the initial sentencing memorandum, that the enhancement should be proved by a beyond-a-reasonable-doubt standard.

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

PSR stated that McLaughlin deposited funds into a separate, private account in her name and that she lied to her law firm partners about the status of her cases, these facts alone do not indicate that her concealment was carried out in a particularly sophisticated manner." McLaughlin agrees.

### III. ARGUMENT

The relevant application notes define "sophisticated means" to be "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." There is a potential overlap between the sophisticated means enhancement and the more-than-minimal-planning enhancement of subsection (b)(2)(A). More than minimal planning exists if significant affirmative steps are taken to conceal an offense. The application notes for sophisticated means provides that this enhancement requires conduct that is significantly more complex or intricate than the conduct that forms the basis for a more than minimal planning enhancement. In other words, sophisticated means involves more than minimal planning, and more than significant affirmative steps to conceal an offense.

Unfortunately, there is a relative dearth of case law addressing the application of the sophisticated means enhancement, particularly in the instant circumstances, where

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum

the standard of proof is by clear and convincing evidence not by a preponderance. Even so, as a factual matter, there is simply insufficient evidence which serves to prove that Ms. McLaughlin's conduct for conviction was especially complex or intricate. This is true, even if the court were to consider the uncharged conduct. Indeed, the court of appeals would appear to agree.[2]

The argument the government musters in response is that McLaughlin had a separate PC account in which these activities occurred. However, as noted in Ms. McLaughlin's initial sentencing memorandum, there was nothing nefarious about the establishment of Ms. McLaughlin's separate PC account. While with Robin Brena, Ms. McLaughlin was engaged primarily in plaintiff's work. At the time Ms. McLaughlin partnered with Ahearn and Webb, she was still expecting receipt of settlement monies. A separate PC account for Ms. McLaughlin was set up with the understanding and knowledge of both Ms. Webb and Ms. Ahearn. Thereafter, the account was routinely used to process fees, costs, and settlement proceeds.

The government also appears to rely in large measure on the fact that Ms. McLaughlin's conduct went undetected by

---

[2] "We conclude, however, that the facts contained in the PSR are inconclusive whether McLaughlin's offense conduct involved sophisticated means sufficient

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum
Page 5 of 8

her law partners for a significant period of time. However, this lack of knowledge is simply not germane to McLaughlin's alleged "sophisticated means." One can easily imagine a busy law practice where one's partners may not be intimately familiar with the cases a fellow partner may be working on, much less familiar with the specifics of payouts in those cases. Further, even were it true that Ms. McLaughlin misrepresented the status of her cases to her law firm partners, this would not "indicate that her concealment was carried out in a particularly sophisticated manner." In short, there is simply insufficient evidence to support the application of U.S.S.G. ¶ 2F1.1(b)(6)(c), much less by a clear and convincing standard.

## IV.  CONCLUSION

Based upon consideration of the sentencing goals and considerations applicable in 18 U.S.C. ¶ 3553(a) Ms. McLaughlin argued at her initial sentencing for a sentence of six months or less. The court imposed a 22 month term. Ms. McLaughlin has now served nearly 12 months of that term. We now have the benefit of that service to help fashion a new sentence. According to the probation officer Ms. McLaughlin's institutional behavior and "adjustment" has been good. She has

---

to trigger the two-level enhancement."

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum

Page 6 of 8

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

completed numerous classes/programs since arriving at Dublin, California, including those that have given her insight into her conduct. Regrettably, Ms. McLaughlin's incarceration has had a profound and negative affect on her family. Her husband's law practice been severely inhibited. This has had a significant impact on the entire McLaughlin family, including the couple's three children.

Barring Ms. McLaughlin's immediate release, she requests the reduction of her sentence by at least six months which would constitute the concomitant result of recalculating her guideline range by reducing her total offense level by two levels.

Dated at Anchorage, Alaska January 8, 2007.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Attorneys for Defendant


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail:
kevin@impc-law.com

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2007,
a copy of the foregoing Request was
served electronically on:

Crandon Randell, Assistant U.S. Attorney

 s/Kevin T. Fitzgerald
F:\W\3105-1\Pleading\Re-Sentencing Memorandum.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. McLaughlin
Case A05-0019 CR (RRB)
Re-Sentencing Memorandum

Page 8 of 8